## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| ESTATE OF ELIJAH ISHAM, | Case No. 3:24-cv-00142 |
| Plaintiff, | |
| vs. | District Judge Thomas M. Rose |
| | Magistrate Judge Caroline H. Gentry |
| CRAIG RICHARDSON, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

In this civil rights action brought under 42 U.S.C. § 1983, Ralph Isham ("Isham Sr."), acting as administrator for the estate of his son, Elijah Isham ("Isham Jr."), seeks to assert claims against officers of the Moraine, Ohio Police Department. (Complaint, Doc. No. 1.) Isham Sr. filed this action without the assistance of counsel. However, a personal representative can represent an estate *pro se* only in limited circumstances. *See Estate of Bessette v. Wilmington Trust, N.A.*, No. 17-01199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017). Therefore, the Court ordered Isham Sr. either to retain counsel or to "file appropriate evidence that establishes both that he is the sole beneficiary of Isham Jr.'s estate and that the estate has no creditors." (Doc. No. 3, PageID 22.)

Isham Sr. filed two documents in response to the Court's Order: (1) a letter signed by Carl D. Sherrets, attorney for the estate of Isham Jr., which case is proceeding in the Miami County Probate Court (Doc. No. 4), and (2) a "Disclaimer of Potential Benefits" executed by Michelle C. Myers (Doc. No. 5).

Attorney Sherrets' letter states in relevant part:

The decedent's father, Ralph E. Isham[,] has been appointed as Administrator of [Isham Jr.'s] estate. . . . [Isham Jr.] died on May 4, 2022, and his estate was opened on April 12, 2024. The Statute of Limitations for any claims filed against estate expired 6 months from [Isham Jr.'s] date of death[,] which was November 4, 2022. Further, the undersigned reviewed the Miami County[,] Ohio Clerk of Courts website and found no records indicating any liens or judgments. No further search was done.

(Doc. No. 4, PageID 23.)

Ms. Myers' Disclaimer of Potential Benefits states in its entirety:

I, Michelle C. Myers, being of sound mind and condition, admonish all rights to any monies or rewards which may arise from said Administrator, Ralph Isham of Elijah Isham's Estate in the civil court case 3:24CV00142 which is pending in The Federal Courts for the Southern District of Ohio.

Upon doing this, this makes said Administrator Ralph Isham of Elijah Isham's Estate, the sole Beneficiary of any monies or rewards which may arise in the pending civil court case 3:24 00142 which is filed in the Federal Courts for the Southern District of Ohio.

(Doc. No. 5, PageID 24.)

These filings are insufficient to satisfy the Court's prior Order. To prosecute this case *pro se* on behalf of his son's estate, Isham Sr. must establish that "he . . . is the sole beneficiary of the estate and the estate has no creditors." *Estate of Bessette*, 2017 WL 3747204, at *1. The quoted documents do not establish that these requirements are met.

With respect to whether Isham Sr. is the sole beneficiary of his son's estate, documents filed in the Miami County Probate Court case[1] indicate that Isham Jr. died intestate and was survived by his father, Isham Sr., and his mother, Michelle Myers. *See*

---

[1] Attorney Sherrets' letter identifies the probate court case (Doc. No. 4, PageID 23), and this Court "may take judicial notice of the proceedings of other courts of record." *Clark v. Stone*, 998 F.3d 287, 297 n. 4 (6th Cir. 2021).

Miami County Probate Court Case No. 20241132, Doc. Nos. 1.0 ("Surviving Spouse and Next of Kin"), 4.3 ("Waiver of Right to Administer"), & 4.5 ("Entry Appointing Fiduciary"). Furthermore, in another document filed in the probate case, Isham Sr., indicated that he was *not* a "next of kin entitled to the entire net proceeds of the estate." *Id*. at Doc. No. 4.0. Therefore, it appears that Isham Sr. is not the sole beneficiary.

Nor does Michelle Myers' Disclaimer of Potential Benefits alter her apparent status as a beneficiary. To begin with, Myers does not actually disclaim her interest in Isham Jr,'s estate. Instead, she disclaims any interest in "any monies or rewards which may arise" from *this* federal case. (Doc. No. 5, PageID 24.) The Court cannot construe her Disclaimer so liberally as to constitute a waiver of substantive rights that she did not mention. It is also unclear whether such a waiver is effective under Ohio law. *See* Ohio Rev. Code § 5815.36 (setting forth requirements for disclaimer of rights to estate).

Next, Attorney Sherrets' letter does not establish that Isham Jr.'s estate has no creditors. The fact that no liens or judgments are registered with the Miami County Clerk of Courts is probative but not dispositive. Outstanding claims may have been filed but not fully litigated. Alternatively, Isham Jr.'s estate may have agreed to waive the applicable statute of limitations for particular claims. Based upon the evidence before the Court, it cannot reasonably infer that Isham Jr.'s estate has no creditors.

For these reasons, the Court finds that Isham Sr. has failed to satisfy the requirements of this Court's Order to Show Cause (Doc. No. 3) and is not permitted to prosecute this matter *pro se*. Accordingly, within **THIRTY (30) DAYS** of the date of this Order, the Court **ORDERS** Isham Sr. to retain the services of an attorney eligible to

practice in this Court, who shall promptly enter a notice of appearance in this case.

***Failure to comply with the terms of this Order may result in a recommendation that the District Judge dismiss this case.***

    **IT IS SO ORDERED.**

                      */s/ Caroline H. Gentry*
                        Caroline H. Gentry
                        United States Magistrate Judge

    Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.4.