UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ESTATE OF ELIJAH ISHAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 3:24-cv-142 |
| v. | : | |
| | : | Judge Thomas M. Rose |
| CRAIG RICHARDSON, *et al.*, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| Defendants. | : | |
| | : | |

---

**ENTRY AND ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER SERVICE, IMPROPER SERVICE OF PROCESS, AND FAILURE TO STATE A CLAIM (DOC. NO. 21)**

---

Before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Improper Service, Improper Service of Process, and Failure to State a Claim (the "Motion"). (Doc. No. 21.) Plaintiff Ralph Isham ("Plaintiff") filed the Complaint in his representative capacity as administrator of the Estate of Elijah Isham ("Decedent"), Plaintiff's son. (Doc. No. 1.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging Defendants Craig Richardson ("Defendant Richardson"), Kenneth Lloyd ("Defendant Lloyd"), Jerome Klemmensen ("Defendant Klemmensen"), and Scott Kinderine ("Defendant Kinderine") (collectively, "Defendants") violated Decedent's Fourth Amendment right to be free from excessive force. (*Id*. at PageID 3.) By their present Motion, Defendants seek to dismiss the Complaint in its entirety pursuant to FED. R. CIV. P. 12(b)(2), (4), (5), and (6).  (Doc. No. 21 at Page 1.)[1]

---

[1] Unlike Plaintiff's filings, Defendants' filings and various Court orders do not contain PageIDs. (*See* Doc. Nos. 3, 6, 21, 27.) When citing to Defendants' papers and Court orders, the Court, therefore, includes the document number and the page on which the relevant information appears. The Court uses the PageIDs provided when citing to Plaintiff's briefing.

1

While the Court forgives Plaintiff's struggles in serving process, it cannot ignore that a *pro se* filing on behalf of an estate is a legal nullity. For these reasons, the Court **GRANTS, IN PART,** and **DENIES, IN PART,** Defendants' Motion.

I.   BACKGROUND

The facts set forth below reflect those as alleged in the Complaint. (Doc. No. 1.) The instant dispute arises from an altercation between Decedent and Defendants Lloyd, Klemmensen, and Kinderine on May 4, 2022.[2] (*Id.* at PageID 4.) According to the Complaint, Decedent was involved in a rollover car accident early that morning. (*Id.*) Defendants Lloyd, Klemmensen, and Kinderine—all officers employed by the Moraine Police Department ("MPD")—were dispatched to the scene. (*Id.*) Upon the officers' arrival, Decedent, who was trapped in his overturned vehicle, was allegedly smoking meth and waving a gun. (*Id.*) Thereafter, the officers surrounded Decedent's vehicle and ordered him to drop his weapon. (*Id.*) In a purported attempt to comply with officer commands, Decedent began moving the gun out of the vehicle with the barrel facing down. (*Id.* at PageID 5.) Defendant Lloyd then screamed, "shots fired," even though—at least, according to the Complaint—no shots had yet been fired. (*Id.*) Defendants Lloyd and Klemmensen proceeded to fire their weapons repeatedly at Decedent, hitting him in the back and elbow. (*Id.*) Decedent died as a result of his injuries. (*Id.* at PageID 6.)

Acting as administrator of Decedent's Estate (the "Estate"), Plaintiff, proceeding *pro se*, filed suit on May 3, 2024—one day before the statute of limitations ran.[3] (*See generally id.*) The Court issued summonses as to MPD, Defendant Kinderine, and Defendant Klemmenson on May

---

[2] Defendant Richardson was not involved in the altercation but was acting Chief of the Moraine Police Department at the time of the incident. (*See* Doc. Nos. 1 at PageID 3; 21 at Page 3.)

[3] In Ohio, the statute of limitations in a § 1983 suit is two years after the incident giving rise to the action. *See Beaver St. Invs., LLC v. Summit County*, 65 F.4th 822, 826 (6th Cir. 2023).

3, 2024. (Doc. No. 2.) Attached to his Complaint, Plaintiff filed four unsigned Requests for Waiver of Service of Summons. (Doc. No. 1-3 at PageID 13–16.) However, Plaintiff later signed the Waivers in the signature block designated for Defendants' signatures prior to mailing them to Defendants. (Doc. No. 21 at Page 27–31.) Defendants neither signed nor returned the Waivers. (*Id*. at Page 3.) Although Plaintiff never received the returned Waivers, he made no further service attempts until July 22, 2025. (Doc. Nos. 23, 24, 25.) On May 22, 2024, the Court informed Plaintiff that, pursuant to 28 U.S.C. § 1654, he is prohibited from representing the Estate *pro se* unless he is the sole beneficiary of the Estate, and the Estate has no creditors. (Doc. No. 3 at Page 1.) Accordingly, the Court ordered Plaintiff to either retain counsel or file proof that he satisfies the prerequisites to representing the Estate *pro se*. (*Id*. at Page 2.) In response to the Court's Show Cause Order, Plaintiff filed a letter written by his probate-court attorney, who does not represent him in the instant suit. (Doc. No. 4). The letter indicates the Estate has no known liens or claims against it. (*Id*.) Plaintiff also filed a disclaimer executed by Michelle Myers, another heir to the Estate, in which Ms. Myers disclaimed all rights to the Estate. (Doc. No. 5.) Having found Plaintiff failed to demonstrate the Estate has no creditors or that Plaintiff is the sole beneficiary of the Estate, the Court again ordered Plaintiff to retain counsel. (Doc. No. 6 at Page 3–4.) After the Court granted Plaintiff three extensions of time to retain counsel, Attorney Steven Compton entered an appearance on behalf of Plaintiff on June 3, 2025. (Doc. No. 16.)

On June 20, 2025, Defendants filed their Motion, urging the Court to dismiss the case for lack of personal jurisdiction, improper service, improper service of process, and failure to state a claim. (Doc. No. 21.) In an effort to cure his service defects, Plaintiff properly served Defendants on July 22, 2025. (Doc. Nos. 23, 34, 25.) Plaintiff also responded to Defendants' Motion on July 24, 2025 (Doc. No. 26), and Defendants replied on July 30, 2025 (Doc. No. 27).

Consequently, the instant matter is ripe for disposition.

## II. STANDARD OF REVIEW

A. Rule 12(b)(2), (4), and (5)

"Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) address motions to dismiss for insufficient process and insufficient service of process." *Aultman v. Shoop*, No. 20-CV-3304, 2021 WL 515881, at *5 (S.D. Ohio Feb. 11, 2021) (citing FED. R. CIV. P. 12(b)(4), 12(b)(5)). While the former is generally used to challenge the form of process—i.e., the content of the summons—the latter serves as a vehicle to challenge "either the mode or lack of delivery of the summons and complaint." *Id*. The plaintiff bears the burden of perfecting service of process and showing that proper service was made. *See* FED. R. CIV. P. 4(c), (h); *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Although outright dismissal is permitted under Rules 12(b)(4) and 12(b)(5), dismissal on these bases is not always warranted, and "[t]he district court has broad discretion to dismiss [a] complaint on the ground of improper service." *Kalasho v. Republic of Iraq*, 102 F. App'x 27, 28 (6th Cir. 2004). Generally, "[d]efects in the service of process . . . require granting leave to attempt valid service rather than dismissal." *Tran v. Mich. Dep't of Hum. Servs.*, No. 07-CV-13232, 2008 WL 2513862, at *3 (E.D. Mich. June 19, 2008) (citation omitted).

"Federal Rule of Civil Procedure 12(b)(2) provides for dismissal when a court lacks personal jurisdiction over a defendant." *Commodigy OG Vegas Holdings LLC v. ADM Labs*, 417 F. Supp. 3d 912, 918 (N.D. Ohio 2019). Motions under all three Rules often arise in conjunction because "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012).

B. Rule 12(b)(6)

"The purpose of a Rule 12(b)(6) motion to dismiss is to allow a defendant to test whether,

4

as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 897 (S.D. Ohio 2013) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard is not the same as a probability standard, but "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted). Thus, if a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true and construe them in a light most favorable to the non-moving party. *Id.* at 554–55. However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id*. at 555–56. "In evaluating a motion to dismiss [a court] may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016) (internal quotation marks omitted).

### III. ANALYSIS

#### 1. Dismissal Under Rules 12(b)(2), (4), and (5)

Defendants here take issue not only with Plaintiff's process but also service of process. (Doc. No. 21 at Page 7–8.) First, Defendants contend Plaintiff erred in signing the Waivers in the

signature block designated for their signatures. (*Id.* at Page 7.) Second, Defendants argue Plaintiff's service was likewise deficient in that Plaintiff failed to serve them within the required timeframe upon receiving no returned Waivers. (*Id.* at Page 8.) Defendants point to the various extensions of time afforded to Plaintiff to bolster their endorsement in favor of dismissal. (*Id.*) In other words, Plaintiff, or so Defendants' argument goes, had ample time to hire an attorney and properly serve Defendants with the Complaint and Summons upon receiving no signed Waivers from Defendants. (*Id.*) It is Plaintiff's service shortcomings, in turn, which render this Court's imposition of jurisdiction over Defendants improper. (*Id.* at Page 6–8.)

Plaintiff's rebuttal regarding the propriety of his initial service attempt is somewhat contradictory. (Doc. No. 26 at PageID 114.) Plaintiff declares, under penalty of perjury, he believes he mailed a package containing a copy of the Summons, Waiver, and Complaint to each defendant. (*Id.* at PageID 114; Doc. No. 26-1 at PageID 130.) Accordingly, Plaintiff believes Defendants were properly served in May of 2024. (Doc. No. 26 at PageID 114.) Plaintiff's declaration is puzzling because the very purpose of sending a defendant a waiver is to request that a defendant waive service of summons. (*See, e.g.*, Doc. No. 1-2 at PageID 14 ("I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.").) Why, then, would Plaintiff serve Defendants summonses if he sought to request that Defendants waive this process? Regardless, because Plaintiff did not file proof of executed service following his initial service attempt, the Court assumes Defendants received the Waivers and declined to sign or return them, and only Plaintiff's second round of service attempts was effective. (Doc. Nos. 23, 24, 25.) Even so, Plaintiff maintains dismissal on this basis is unwarranted because the Court has jurisdiction over Defendants as a result of his second, effective service attempt in July of 2025. (Doc. No. 26 at PageID 114–15.) Plaintiff further submits good cause exists for Plaintiff's delay

6

in service because he believed his first service attempt was proper at the time he made it, and the discretionary factors favor extending the Rule 4(m) period for service. (*Id*. at PageID 115–16.)

Defendants, meanwhile, take issue with Plaintiff's "self-serving" affidavit. (Doc. No. 27 at Page 4.) According to Defendants, Plaintiff's *pro se* status does not exempt him from the federal and Ohio service requirements. (*Id*.) Given the length of time between the initial filing of the Complaint and the date of effective service—approximately 14 months—along with the numerous extensions already afforded to Plaintiff, Defendants believe outright dismissal in this case is warranted. (*Id*. at Page 3–6.) For reasons hereunder, the Court believes dismissal based on Plaintiff's service defects, alone, is not warranted.

The Court is of the opinion that Plaintiff's original service attempt was improper, meaning Plaintiff's only proper service attempt was made on July 22, 2025—over 14 months after the Complaint was filed and nearly a year after Plaintiff's service deadline.[4] Thus, the narrow issue before the Court is whether good cause exists to extend Plaintiff's Rule 4(m) service period. Rule 4(m), in relevant part, provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The Sixth Circuit has delineated a variety of factors courts are to consider in assessing whether good cause exists to extend the Rule 4(m) period:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

---

[4] "In general, a plaintiff must serve a defendant within 90 days after filing the complaint unless 'the plaintiff shows good cause for the failure.'" *Brashear v. Pacira Pharms., Inc.*, No. 21-CV-700, 2023 WL 3075403, at *7 (S.D. Ohio Apr. 25, 2023) (quoting FED. R. CIV. P. 4(m)).

(3) whether the defendant had actual notice of the lawsuit;
(4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's suit be time-barred;
(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

Applying these factors to the case at bar, the Court agrees with Plaintiff: save the first factor, all others weigh in favor of extending the Rule 4(m) period. As previously mentioned, Plaintiff is well beyond his service deadline. However, apart from the inherent headaches associated with defending oneself in a suit—here, namely, filing the instant Motion and Reply—the Court identifies no prejudices Defendants have suffered. And Defendants admit they were on notice of the suit around May of 2024, as their process-insufficiency argument rests on their receipt of the Waivers containing no place for their signatures. (*See* Doc. No. 21 at Page 2–4, 11, 25, 39.) Also, Plaintiff's suit is now and has been time-barred as of May 4, 2024. Plaintiff—formerly a *pro se* litigant—attests he believed his original service attempt was proper and in compliance with the instructions provided by the Clerk of Court. (Doc. No. 26-1 at PageID 130.) Finally, although a substantial amount of time has elapsed since Plaintiff's service period, Plaintiff's various requests for extensions indicate, throughout that period, Plaintiff was struggling to retain counsel to assist him in representing the Estate and curing his case's deficiencies. (*See* Doc. Nos. 7, 8, 9.) In sum, while the first factor undeniably weighs against extension, all other factors tip the scales in Plaintiff's favor.

The Court also finds it prudent to note that the Sixth Circuit and Ohio courts alike exercise caution in dismissing cases on the merits as a result of service defects which have since been or

8

could be cured. *See Jordan v. Glob. Nat. Res., Inc.*, 564 F. Supp. 59, 69 (S.D. Ohio 1983) ("[I]t is clear that defendant in fact was served with notice of this lawsuit and any deficiency in the service of process may be cured at this stage without prejudice to the defendant."); *Reed v. Ohio State Univ. Med. Ctr.*, No. 12-CV-241, 2012 WL 5378379, at *6 (S.D. Ohio Oct. 31, 2012) (extending the Rule 4(m) period); *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1952) ("[If] the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later."). The Court also notes that because Defendants have been properly served, it now has personal jurisdiction over them. *See LaCroix v. Am. Horse Show Ass'n*, 853 F. Supp. 992, 995 (N.D. Ohio 1994) ("Since personal service was proper, the Court has personal jurisdiction. The motion to dismiss is therefore denied."); *Ohio ex rel. Dewine v. Superior Fibers, Inc.*, No. 14-CV-1843, 2017 WL 6055159, at *9 (S.D. Ohio Dec. 7, 2017) ("In order to have personal jurisdiction over a named defendant, a defendant must be properly served."), *R. & R. adopted*, 2018 WL 259766 (S.D. Ohio Jan. 2, 2018). All in all, dismissal based on service and jurisdictional grounds would be improper.

Accordingly, insofar as Defendants seek dismissal pursuant to Federal Rules 12(b)(2), (4) and (5), Defendants' Motion is **DENIED**. (Doc. No. 21.)

### 2. Dismissal Under Rule 12(b)(6)

For their Rule 12(b)(6) argument, Defendants contend the Complaint should be dismissed because Plaintiff lacked capacity to sue at the time the Complaint was filed. (Doc. No. 21 at Page 8.) Defendants believe Plaintiff lacked capacity to sue as a result of his inability to represent the Estate *pro se*. (*Id*. at Page 9.) Consequently, the Complaint, according to Defendants, is a legal nullity. (*Id*.) Plaintiff, on the other hand, points to a logical inconsistency: why would courts order *pro se* plaintiffs to retain counsel if their complaints were, indeed, legal nullities? (Doc. No. 26 at PageID 118.) The very purpose of the rule against layperson representation of

9

estates is to ensure adequate representation of those estates, so dismissal based on a plaintiff's unrepresented status would make little sense. (*Id*.)

As commonsensical as Plaintiff's argument may be, the Court agrees with Defendants. This Court has dealt with a similar issue in *4 West LLC v. Auto-Owners (Mutual) Insurance Company*, No. 22-CV-59, 2023 WL 6977445 (S.D. Ohio Oct. 23, 2023). In that case, an individual brought suit and sought to represent not only himself but also an LLC. 2023 WL 6977445, at * 1. The defendant in *4 West* filed a Rule 12(b)(6) motion to dismiss, arguing the plaintiff lacked standing to represent the estate *pro se*, rendering the *pro se* complaint a legal nullity. *Id*. This Court agreed with the defendant's reasoning:

> 28 U.S.C. § 1654 provides that "in all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel." However, "[a] nonlawyer can't handle a case on behalf of anyone except himself." Therefore, because 28 U.S.C. § 1654 does not allow a person to appear *pro se* on behalf of another person's interests, . . . [the plaintiff's] attempt to file a *pro se* complaint for [the LLC] failed as a matter of law, making it a "legal nullity."

*Id*. at *4 (first alteration in original) (internal citations and quotation marks omitted). This Court further reasoned, "when 'a complaint amounts to a legal nullity . . . the original complaint was without legal effect.'" *Id*. (quoting *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006)). The *4 West* Court also found the plaintiff's later retention of counsel did not change the fact the complaint was a legal nullity. *Id*.

Here, although Plaintiff filed his Complaint in an attempt to represent the Estate, not an LLC, his *pro se* filing is nevertheless barred by the same statute that rendered the *4 West* plaintiff's complaint a legal nullity—28 U.S.C. § 1654. Various other courts have also dismissed complaints filed in violation of § 1654. *See Thompson v. THC, Inc.*, No. C-1-07-231, 2008 WL 4449426, at *2 (S.D. Ohio Sept. 30, 2008) ("[A]s the Court has explained, Plaintiff cannot represent

10

the Estate *pro se,* and therefore dismissal of Plaintiff's Amended Complaint is appropriate."); *Jordan v. City of Toledo*, No. 21-CV-1233, 2022 WL 1500470, at *4 (N.D. Ohio May 12, 2022) ("[A]n individual cannot represent another individual *pro se*. . . . Nor can the legally appointed personal representative of an estate prosecute an action *pro se* on behalf of the estate; they must do so through counsel."); *Bass v. Leatherwood*, 788 F.3d 228, 230–31 (6th Cir. 2015) (finding the appellants were not barred from representing the estate *pro se* only because they were the sole beneficiaries, and the estate had no creditors). Just as in those cases, Plaintiff's *pro se* Complaint is a legal nullity.

Accordingly, Defendants' Rule 12(b)(6) Motion to Dismiss is **GRANTED** (Doc. No. 21.), and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.[5] (Doc. No. 1).

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS**, **IN PART**, and **DENIES**, **IN PART**, Defendants' Motion to Dismiss (Doc. No. 21.) The Court specifically finds as follows:

1. The Court **DENIES** Defendants' Motion insofar as it seeks dismissal pursuant to Federal Rules 12(b)(2), (4) and (5).

2. The Court **GRANTS** Defendants' Rule 12(b)(6) Motion. Accordingly, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court is **DIRECTED** to terminate the case on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 26, 2025.

/s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[5] *Eagle Prop. Grp. LLC v. Urb. P'ship Bank*, No. 18-10824, 2019 WL 192414, at *2 (E.D. Mich. Jan. 15, 2019) (dismissing a complaint without prejudice as a legal nullity).