**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| ESTATE OF ELIJAH ISHAM, | : |
| Plaintiff, | : Case No. 3:24-cv-142 |
| v. | : Judge Thomas M. Rose |
| CRAIG RICHARDSON, *et al.*, | : Magistrate Judge Caroline H. Gentry |
| Defendants. | : |

**ENTRY AND ORDER DENYING MOTION FOR RECONSIDERATION
UNDER FED. R. CIV. P. 60 (DOC. NO. 32)**

Presently before the Court is Plaintiff Ralph Isham's ("Plaintiff") Motion for Reconsideration (the "Motion"). (Doc. No. 32.) As outlined in further detail below, because Plaintiff's error does not qualify as excusable neglect as contemplated by Federal Rule of Civil Procedure 60, the Court **DENIES** Plaintiff's Motion.

**I.    BACKGROUND**

The procedural posture of this case is as follows. On May 3, 2024, Plaintiff filed his *pro se* Complaint—one day before the statute of limitations ran. (Doc. No. 1.) Plaintiff, a non-lawyer, sought to represent his deceased son's estate (the "Estate") and pursue claims on its behalf against various defendants for alleged constitutional violations. (*See generally id.*) Having found Plaintiff ineligible to represent the Estate *pro se*, Magistrate Judge Caroline Gentry ordered Plaintiff to either retain counsel or provide proof of his eligibility to represent the Estate *pro se*—that is, that he is the sole beneficiary of the Estate, and the Estate has no creditors.[1] (Doc. No. 3.) In response

---

[1] *See Estate of Bessette v. Wilmington Tr., N.A.*, No. 17-1199, 2017 WL 3747204, at *1 (6th Cir. May 16, 2017) ("[A] personal representative may appear *pro se* on behalf of an estate only if he or she is the sole beneficiary of the estate

1

to Judge Gentry's first Show Cause Order, Plaintiff filed two documents, a declaration written by his probate-court attorney, Carl Sherrets (the "First Sherrets Declaration"), and a disclaimer executed by Michelle Myers (the "First Myers Disclaimer"), the only heir of the Estate other than Plaintiff.[2] (Doc. Nos. 4, 5.) On July 12, 2024, in her second Show Cause Order, Judge Gentry correctly found Plaintiff's filings insufficient. (Doc. No. 6.) The First Sherrets Declaration failed to establish the Estate has no creditors because mere confirmation that there are no liens or judgments registered against the Estate was "probative but not dispositive[,]" because "[o]utstanding claims may have been filed but not fully litigated." (Doc. No. 6 at PageID 27.) The First Myers Disclaimer was likewise deficient, as Ms. Myers only renounced any interests that may arise from the instant case, not all interests in the Estate in general. (*Id.*) Despite these apparent efforts to comply with the Judge Gentry's Order, Plaintiff did not file proof that he was, at the time he filed his Complaint, eligible to represent the Estate *pro se* until he filed the present Motion.

On June 20, 2025, Defendants Craig Richardson, Kenneth Lloyd, Jerome Klemmensen, and the Moraine Police Department (collectively, "Defendants") filed a Motion to Dismiss, arguing in favor of dismissal based on several grounds, including Plaintiff's failure to state a claim. (Doc. No. 21.) The Court entered an Order granting, in part, Defendants' Motion to Dismiss and dismissing Plaintiff's case on September 26, 2025. (Doc. No. 30.) Therein, the Court found the Complaint to be a legal nullity because Plaintiff was neither represented by counsel nor had he proven he was eligible to represent the Estate *pro se* at the time of its filing. (*Id.* at PageID 159–60.) By his present Motion, Plaintiff requests that the Court reconsider its prior ruling because,

---

and the estate has no creditors.").

[2] The Court takes judicial notice of the documents filed in the probate court case concerning the Estate. *See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record."). The probate court documents indicate, prior to any disclaimers, Plaintiff and Michelle Myers were the sole heirs of Elijah Isham's Estate. (*See* Miami County Probate Court Case No. 20241132, Doc. No. 1.0.)

although Plaintiff only recently demonstrated he met the prerequisites to representing the Estate *pro se*, he did in fact meet those requirements at the time he filed his Complaint. (Doc. No. 32 at PageID 162.)

## II.     ANALYSIS

Plaintiff here seeks reconsideration of the Court's prior dismissal of his case pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). (Doc. No. 32 at PageID 162, 164.) Rule 60(b) sets forth the criteria for determining whether relief from a federal court's judgment or order is warranted. It provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Seeing as Plaintiff seeks reconsideration pursuant to subsections (1) and (6), the Court addresses each in turn.

### 1. Reconsideration Pursuant to Federal Rule 60(b)(1)

Plaintiff argues the additional evidence recently provided and attached to his Motion demonstrate his eligibility to represent the Estate *pro se* at the time he filed his Complaint, thereby justifying reconsideration pursuant to Rule 60(b)(1). (Doc. No. 32 at PageID 162–63.) Attached to Plaintiff's Motion are two exhibits. (Doc. Nos. 32-1, 32-2.) The first is a disclaimer executed by

3

Ms. Myers ("Second Myers Disclaimer"), wherein Ms. Myers "renounce[s] as an individual beneficiary the right to receive or be distributed any and all interest whatsoever as an intestate beneficiary under the Estate of Elijah Justin Time Isham . . . . as well as, any interest in any and all litigation filed in Federal Court or any State Court involving Elijah's estate." (Doc. No. 32-1 at PageID 166.) Second is a declaration of Mr. Sherrets ("Second Sherrets Declaration"), attesting as follows:

> The decedent died on May 4, 2022, and his estate was opened on April 12, 2024. The Statute of Limitations for any claims filed against the estate expired 6 months from Mr. Isham's date of death which was November 4, 2022. At no time have any claims been filed against the estate and the estate has no creditors.
>
> . . . .
>
> Further, the undersigned reviewed the Miami County Ohio Clerk of Courts website and found no records indicating any liens or judgments.

(Doc. No. 32-2 at PageID 168.) Taken together, these exhibits indicate—at least, according to Plaintiff—that Plaintiff did indeed meet the requirements to represent the Estate *pro se* at the time he filed his Complaint, even if not then proven.[3] (Doc. No. 32 at PageID 162.)

Defendants oppose Plaintiff's Motion on two counts. First, Defendants point to the procedural impropriety of Plaintiff's Motion, arguing Plaintiff seeks reconsideration not only of the Court's Order dismissing the case, but also of Judge Gentry's second Show Cause Order finding Plaintiff ineligible to represent the Estate based on the evidence supplied at the time. (Doc. No. 33 at PageID 170–71 (citing Doc. No. 6).) In essence, Defendants believe Plaintiff had ample opportunity to object to Judge Gentry's order finding Plaintiff ineligible, and that time has

---

[3] Defendants do not argue—nor does the Court have cause to suspect—these recently filed documents fail to establish Plaintiff is the sole beneficiary of the Estate, and the Estate has no creditors.

4

long since passed.[4] (*Id.*) Second, Defendants take issue with Plaintiff's asserted grounds for reconsideration, arguing "Plaintiff fails to demonstrate reconsideration is warranted under the circumstances presented."[5] (*Id.* at PageID 171–74.) In his Reply, Plaintiff generally denies he waived the arguments raised in his Motion because the "new documents that did not exist before September 2025 have corrected the evidentiary deficits of [the] record." (Doc. No. 34 at PageID 177.) For instance, "with regard to proving the lack of creditors, the passage of an additional fifteen months is one of the essential features that allows the [Second Sherrets Declaration] to move the needle from what the Court previously viewed as 'probative,' to what Plaintiff submits now is 'dispositive.'" (*Id.* at PageID 176.) In other words, "while in July 2024 the Court found that it could not rule out the prospect of unresolved creditor claims based on the [First Sherrets Declaration], thanks to the additional passage of time it is now clear that no such claims are forthcoming." (*Id.* at PageID 177.) Similarly, Plaintiff avers the Second Myers Disclaimer clarifies any ambiguities left by the First Myers Disclaimer and now makes it apparent that Ms. Myers has disclaimed any and all interests in the Estate. (*Id.*) All in all, Plaintiff believes the recent availability of these documents both rebuts Defendants' waiver argument and serves as grounds for reconsideration. (*Id.*)

First, the Court can dispose of Defendants' waiver argument, as Plaintiff does not seek reconsideration of Judge Gentry's second Show Cause Order, which found Plaintiff failed to prove

---

[4] On July 12, 2024, Judge Gentry issued an Order finding Plaintiff failed to demonstrate he satisfied the requirements for representing the Estate *pro se*. (Doc. No. 6.) As delineated in the Order, any motions for reconsideration were to be filed within 14 days of the Order's issuance. (*Id.* at PageID 28.) Therefore, Plaintiff's deadline to raise objections, if any, to Judge Gentry's Order was July 26, 2024. No objections or motions in opposition to Judge Gentry's Order were filed.

[5] While Plaintiff moves for reconsideration pursuant to Federal Rule 60(b), Defendants cite only to Federal Rule 59(e). (Doc. No. 33 at PageID 172–73.) Although Defendants cite to the incorrect Rule, the Court assumes Defendants oppose reconsideration under Rule 60(b).

he had the capacity to represent the Estate *pro se*. In fact, Plaintiff seems to concede his various attempts to prove his eligibility in response to Judge Gentry's Order were inadequate. (*See* Doc. No. 32 at PageID 162 ("Plaintiff submits that he did, as a matter of objective fact, meet the requirements to file *pro se* on the Estate's behalf, *even if the evidence submitted in June 2024 documenting his qualifications may not have been adequate . . . .*") (emphasis added).) Thus, only one issue in this section remains: whether Plaintiff's asserted grounds justify reconsideration pursuant to Federal Rule 60(b)(1). The Court is of the opinion they do not.

Under Rule 60(b)(1), the Court may vacate a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."[6] *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). "In order to be granted relief under Rule 60(b)(1), the moving party must demonstrate: '(1) The existence of mistake, inadvertence, surprise, or excusable neglect [and] (2) [t]hat he has a meritorious defense.'" *Burnley v. Bosch Americas Corp.*, 75 F. App'x 329, 332–33 (6th Cir. 2003) (quoting *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980)). Notably, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, *or proof*." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (emphasis added). Based on Plaintiff's Motion and the absence of any indication to the contrary, the Court assumes Plaintiff seeks reconsideration based on his excusable neglect. "Although 60(b)(1) does not define the term 'excusable neglect,' the courts have determined the

---

[6] Although not explicitly stated as much, Plaintiff does not seem to argue the Court erred in dismissing his case based on the evidence provided at the time of its ruling. Thus, the Court limits its analysis to Plaintiff's error.

existence of excusable neglect by making an equitable determination based upon the following factors: (1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." *Burnley*, 75 F. App'x at 333.

Here, as mentioned, Plaintiff's only justification for his delay in filing proof of his eligibility to represent the Estate *pro se* is the supposed recent availability of said proof. (Doc. No. 32 at PageID 163.) It is here the Court and Plaintiff do not see eye to eye. True, the Second Sherrets Declaration and Second Myers Disclaimer were only recently executed on September 29 and September 30, 2025, respectively. (*See* Doc. Nos. 32-1. 32-2.) These documents' recent execution, however, does not signify their recent availability. Or perhaps more telling, the mere fact that these documents are newly executed does not mean Plaintiff was only recently on notice of the shortcomings of his previous filings. In fact, on May 22, 2024, in her first Show Cause Order, Judge Gentry first notified Plaintiff of the requirements he must meet in order to proceed *pro se* in this action. (*See* Doc. No. 3.) Then, after filing the insufficient First Sherrets Declaration and First Myers Disclaimer, Judge Gentry made Plaintiff aware of his filings' defects and again ordered him to file the proper proof. (Doc. No. 6.) Judge Gentry issued the second Show Cause Order on July 12, 2024. (*Id*.) Although still unrepresented by counsel at that time, Plaintiff was fully aware of his obligations from that date. The Court thereafter granted Plaintiff three extensions to comply with the second Show Cause Order. (*See* Notation Orders, 7/29/2024, 9/26/2024; Doc. No. 10.) Plaintiff then retained counsel, who entered an appearance on June 3, 2025. (Doc. No. 16.) From that point on, Plaintiff's attorney filed various documents on Plaintiff's behalf, including his Response to Defendants' Motion to Dismiss and the instant Motion. (Doc. Nos. 26, 32.) That said, Plaintiff was on notice of his obligations on May 22, 2024, and was

7

made aware of the insufficiency of his first attempts to prove eligibility as early as July 12, 2024, when the Court issued its two Show Cause Orders. (Doc. Nos. 3, 6.) Likewise, Plaintiff's attorney was presumably apprised of the insufficiencies of Plaintiff's previous filings as soon as he entered an appearance on June 3, 2025. (Doc. No. 16.) And yet, only now through the instant Motion— filed approximately 17 months after the Court's first Show Cause Order, 15 months after the second, and over 4 months after his attorney entered an appearance—does Plaintiff provide proof of his eligibility to represent the Estate *pro se*. (Doc. Nos. 32-1, 32-2.)

Plaintiff neither illustrates—nor can the Court conceive of—how his delay constitutes excusable neglect. *See In re Barlow*, No. 11-52415, 2013 WL 1316029, at *3 (Bankr. S.D. Ohio Mar. 29, 2013) ("The burden of establishing excusable neglect rests with the movant."); *see also Warren v. United States*, No. 19-78, 2022 WL 1046200, at *5 (E.D. Ky. Apr. 7, 2022) ("[Movant's] neglect in failing to follow court orders is not excusable."); *In re Zajac*, No. 24-49552, 2025 WL 1510059, at *6 (Bankr. E.D. Mich. May 27, 2025) ("[C]ourts have regularly recognized that a party's failure to meet a filing deadline is simply not the 'excusable neglect' that is necessary to invoke relief under Civil Rule 60(b)."). And although the Court has no reason to suspect Plaintiff acted in bad faith, Plaintiff's unjustified and lengthy delay alone presents a substantial risk of prejudice to Defendants and only further delays proceedings in a case whose day has long since come and gone. Incidentally, had Plaintiff brought his Motion under Rule 60(b)(2) for newly discovered evidence, his justification would be similarly insufficient, as he has failed to exhibit the Second Sherrets Declaration and Second Myers Disclaimer were only recently available. *See Curry v. Scott*, 249 F.3d 493, 504 (6th Cir. 2001) ("A Rule 60(b) motion premised on newly acquired evidence must be accompanied by a showing that the party proffering the new evidence could not, in the exercise of due diligence, have acquired the evidence sooner."). Accordingly,

8

Plaintiff falls short of his burden in order to avail himself of reconsideration pursuant to Rule 60(b)(1).

Based on the foregoing, Plaintiff's Motion for Reconsideration under Federal Rule 60(b)(1) is **DENIED**.

    **2.**   **<u>Reconsideration Pursuant to Federal Rule 60(b)(6)</u>**

Plaintiff alternatively seeks reconsideration pursuant to Federal Rule 60(b)(6). (Doc. No. 32 at PageID 164.) "Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule and where principles of equity mandate relief." *Broach v. City of Cincinnati*, 244 F. App'x 729, 735 (6th Cir. 2007) (internal citations and quotation marks omitted). Essentially, this exception requires "something more," and encompasses "unusual and extreme situations" that fall outside of the first five exceptions. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015). Rule 60(b)(6) motions are seldom granted because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations and quotation marks omitted). Before denying relief, the Court must "intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.* at 529 (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Here, no such unusual or extraordinary circumstances exist to justify relief under Rule 60(b)(6). Indeed, failure to timely comply with court orders is anything but extraordinary. *See Hill v. Warden, Pickaway Corr. Inst.*, No. 23-CV-3356, 2025 WL 2605411, at *4 (S.D. Ohio Sept. 9, 2025) ("Petitioner's failure to act within the time provided . . . does not constitute

'exceptional or extraordinary circumstances' necessary to warrant relief under Rule 60(b)(6)."); *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008) (finding the district court did not err in denying relief under Rule 60(b)(6) where the plaintiffs had 18 months to move for leave to file an amended complaint); *Ford v. Specialized Loan Servicing, LLC*, No. 216-CV-02414, 2017 WL 7052167, at *3 (W.D. Tenn. June 27, 2017) ("Plaintiffs have failed to demonstrate to the Court how their failure to timely file a Second Amended Complaint and failure to timely request relief from the deadline presents an 'unusual or extreme situation' that would justify relief under Rule 60(b)(6)."). Thus, because Plaintiff has not proffered any extraordinary circumstance justifying reconsideration, relief under Rule 60(b)(6) is not warranted.

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration under Federal Rule 60(b)(1) and (6).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, November 18, 2025.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE